UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:18-cv-00215-CAS(Ex) | Date | April 4, 2018 |
|---|---|---|---|
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS (Dkt. 13, filed March 2, 2018)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of April 9, 2018 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On January 1, 2018, plaintiff Barry Rosen filed the instant action against defendants Hollywood Show, LLC ("defendant"), Myron Ross d/b/a "Heroes & Legends," and Does 1 through 10 (collectively, "defendants"). Dkt 1 ("Compl."). Plaintiff asserts claims for copyright infringement and contributory copyright infringement. Plaintiff contends that he is the photographer and owner of a copyrighted photograph (the "Subject Photograph") of actress Gena Lee Nolin, and asserts that defendants unlawfully reproduced and distributed an identical or substantially similar copy (the "Accused Image") of the Subject Photograph. See Compl.

On March 2, 2018, defendant filed a "notice of demurrer." Dkt. 13 ("MTD"). On March 19, 2018, plaintiff filed an opposition. Dkt. 15 ("Opp'n"). On March 26, 2018, defendant filed a reply. Dkt. 16 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS(Ex) | Date | April 4, 2018 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

Plaintiff is an individual residing in California. Compl. ¶ 4. Defendant is a California limited liability company with its principal place of business in Studio City, California. Id. ¶ 5. Ross is an individual residing in California and doing business as "Heroes and Legends". Id. ¶ 6.

Plaintiff created and owns the Subject Photograph, which was registered with the United States Copyright Office. Id. ¶¶ 1–2. Plaintiff alleges that defendants accessed the Subject Photograph and created unauthorized prints that were allegedly published, advertised, distributed, or monetized by defendants. Id. ¶¶ 3–4, 13. Plaintiff contends that defendants were provided with notice of the alleged infringement in August 2017, and asserts that the dispute could not be resolved. Id. ¶ 5.

Plaintiff further alleges that defendant and plaintiff previously entered into a settlement agreement concerning the sale of unauthorized copies of photographs that plaintiff owns, and that according to this agreement, plaintiff is obligated to provide defendant with notice of any vendor's alleged infringement at defendant's events if defendant advertised or identified that vendor at least seven days before the event where the accused prints were offered for sale. Id. ¶ 6. Plaintiff asserts that defendant failed to advertise or identify Legends as a vendor for the event in which the Subject Photograph was allegedly reproduced, and thus defendant was not entitled to notice in advance of the filing of this action. Id.

Plaintiff alleges that the Subject Photograph and the Accused Image are identical, or at least substantially similar. Id. ¶ 7. Plaintiff further asserts that each defendant distributed, marketed, and published the Accused Image. Id. ¶¶ 11–12.

Moreover, plaintiff asserts that defendants are each vicariously liable for the alleged infringement because defendants knowingly induced and profited from the unauthorized reproduction of the Subject Photograph. Id. ¶ 18. Plaintiff alleges that defendants had direct financial interests in the unauthorized reproduction, publication, and distribution of the Subject Photograph. Id. ¶¶ 18–19. Further, each defendant allegedly had the ability to "oversee the development, publication, and distribution of the infringing imagery at issue." Id. ¶ 19.

## III.  LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a pleading. Under this Rule, a district court properly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS(Ex) | Date | April 4, 2018 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the pleading, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The pleading must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the pleading (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS(Ex) | Date | April 4, 2018 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

## IV. DISCUSSION

As an initial matter, plaintiff argues that defendant's motion violates Local Rule 7–4 because it fails to include the "date and time of the motion hearing" and the name of the judicial officer before whom the motion has been notified. Opp'n at 2; see L.R. 7–4. Moreover, plaintiff contends that the motion cites to "wholly inapplicable California state law." Id. Plaintiff further argues that the motion is improperly styled as a demurrer, which is an "impermissible pleading in federal court," and thus should be stricken pursuant to Federal Rule of Civil Procedure 12(f). Id. at 3.

The Court declines to deny defendant's motion on these bases, and although the Court determines defendant's motions on the merits, the Court admonishes all parties to abide by the Local Rules in future proceedings. Accordingly, although the instant motion is style as a demurrer, the Court construes it as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

With respect to the adequacy of plaintiff's allegations in support of his claims for copyright infringement and contributory infringement, the United States Supreme Court has held that "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications Inc. v. Rural Telephone Serv. Co., 499 U.S. 340, 361 (1991). Defendant does not challenge plaintiff's allegations regarding either of these elements, and instead contends that plaintiff impermissibly fails to provide the date of the alleged copyright infringement or where this alleged infringement occurred. See MTD at ECF 5. In opposition, plaintiff contends that defendant's motion fails because he sufficiently alleges copyright infringement and contributory infringement. Id. at 4 (citing Three Boys

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS(Ex) | Date | April 4, 2018 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

Music Corp. v. Bolton, 212 F.3d 477, 481 (9th Cir. 2000)).  Moreover, plaintiff contends that the "exact timeline" of defendant's infringements will be revealed in discovery, and that plaintiff is not required to plead a "certain time period" for his infringement claims at the pleading stage.  Id. at 5.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement" that gives defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  See Conley v. Gibson, 355 U.S. 41, 47 (1957).  While plaintiff is not required to allege a precise date or location concerning defendants' alleged infringement, in order to satisfy Rule 8(a) and provide fair notice of plaintiff's claim to defendants, plaintiff should allege when, generally, the alleged infringement took place and where, generally, this alleged infringement occurred.  If plaintiff is unable to allege a general date or location, then he should explain why he cannot do so.  Moreover, allegations concerning the date of the alleged infringement are relevant to the timeliness of plaintiff's claim and the availability of statutory damages, which plaintiff requests in this case.  See Zendel v. ABC Video Prods., No. 10-CV-2889-VBF-EX, 2010 WL 11549713, at *1 (C.D. Cal. Nov. 22, 2010) (dismissing complaint for failure to allege when copyright infringements occurred).  Thus, the Court concludes that plaintiff must provide allegations as to when and where, generally, the alleged infringement occurred.

Accordingly, the Court **DISMISSES** without prejudice plaintiff's complaint.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to dismiss.  Plaintiff may file an amended complaint addressing the deficiencies identified herein on or before April 30, 2018.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |