| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS (Ex) | Date | February 20, 2019 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** - PLAINTIFF'S MOTION TO STRIKE THE ANSWER OF DEFENDANT HOLLYWOOD SHOW (Dkt. 41, filed January 22, 2019)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of March 4, 2019 is vacated, and the matter is hereby taken under submission.

## I.  Introduction

On January 9, 2018, plaintiff Barry Rosen filed the instant action against defendants Hollywood Show, LLC ("Hollywood Show"), Myron Ross d/b/a/ "Heroes & Legends," and Does 1 through 10. Dkt. 1. Plaintiff asserts claims for copyright infringement and contributory copyright infringement. Plaintiff contends that he is the photographer and owner of a copyrighted photograph of actress Gena Lee Nolin, and asserts that defendants unlawfully reproduced and distributed an identical or substantially similar copy of his photograph. See id. On April 4, 2018, the Court dismissed plaintiff's complaint pursuant to Federal Rule of Civil Procedure 8(a) for failure to allege when and where the alleged infringement took place. Dkt. 18. Plaintiff filed an amended complaint on April 30, 2018. Dkt. 21. Hollywood Show filed an answer on May 4, 2018. Dkt. 24.

On January 17, 2019, the Court granted Doniger Burroughs APC's motion to withdraw as attorney of record for Barry Rosen. Dkt. 39. On January 22, 2019, plaintiff, acting pro se, filed an *ex parte* application for an order striking Hollywood Show's answer and other filings. Dkt. 41. The Court denied plaintiff's application for failure to demonstrate good cause for *ex parte* relief and provided leave for plaintiff to file a regularly noticed motion. Dkt. 49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS (Ex) | Date | February 20, 2019 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

On February 4, 2019, plaintiff filed the instant motion to strike Hollywood Show's answer. Dkt. 53 ("Mot."). Hollywood Show filed an opposition on February 11, 2019. Dkt. 58 ("Opp'n"). Plaintiff filed a reply on February 13, 2019. Dkt. 61 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

Plaintiff moves to strike Hollywood Show's answer on the grounds that Hollywood Show is currently suspended by the state of California due to failure to pay its taxes and therefore cannot appear to defend this action. Hollywood Show responds that it paid its back taxes prior to filing its answer, and that it applied for a certificate of revivor on January 23, 2019. Opp'n at 2; Dkt. 45, Declaration of David Elkouby, ¶¶ 3, 4, Ex. 1.

A corporation whose powers are suspended for failure to pay its taxes lacks the legal capacity to defend a civil action during its suspension. See Cal. Rev. & T. Code § 23301; Sade Shoe Co. v. Oschin & Snyder, 217 Cal. App. 3d 1509, 1512–13 (1990). The legislative intent underlying section 23301 is to "pressure a corporation to pay its delinquent taxes." Sade Shoe, 217 Cal. App. 3d at 1515. A taxpayer may be relieved from suspension if it pays its back taxes, in addition to any interests or penalties, and obtains a certificate of revivor from the Franchise Tax Board. See Cal. Rev. & T. Code § 23305.

A corporation which has been suspended "may nonetheless prosecute or defend an action prior to its official revivor provided there has been substantial compliance with the revival statute." Sade Shoe, 217 Cal. App. 3d at 1515. Moreover, where a party represents that it has paid its taxes and that it has applied for reinstatement, a court may also provide a continuance to that party so that it may be reinstated pursuant to section 23305 and participate in the litigation. Schwartz v. Magyar House, Inc., 168 Cal. App. 2d 182, 187–88 (1959). In light of Hollywood Show's representation that it has paid its back taxes to the state of California and has applied for a certificate of revivor, the Court declines to strike Hollywood Show's answer at this juncture. However, Hollywood Show has not provided any non-testimonial evidence demonstrating that it has indeed paid all of its back taxes, as well as any interest or penalties associated with nonpayment, to the state of California. Accordingly, the Court is not satisfied that Hollywood Show has substantially complied with the revival statute. The Court will provide Hollywood Show with sixty days to obtain a certificate of revivor from the state of California and to file

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS (Ex) | Date | February 20, 2019 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

that certificate with the Court. The Court will hold a status conference on April 22, 2019 at 11:00 am regarding Hollywood Show's compliance with the revival statute.

### III. CONCLUSION

The Court denies plaintiff's motion to strike Hollywood Show's answer, without prejudice to plaintiff's renewing his motion after the April 22, 2019 status conference if Hollywood Show is unable to demonstrate that it has complied with section 23305.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |