BARRY ROSEN
136 S. Clark Dr. #5
Los Angeles, CA 90048
Tel: (323) 653-2043
In Pro Per



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>HOLLYWOOD SHOW, LLC, a California limited liability company; MYRON ROSS, an individual residing in California, individually and doing business as "HEROES & LEGENDS"; and DOES 1 through 10,<br>Defendants. | Case No. 2:18-cv-00215-CAS-(Ex)<br>*Hon. Christina A. Snyder Presiding*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) AND FOR TERMINATING SANCTIONS PURSUANT TO RULE 37**<br><br>[Filed concurrently herewith: Declaration of Barry Rosen; Request for Judicial Notice; (Proposed) Order]<br><br>Date: April 15, 2019<br>Time: 10 a.m.<br>Courtroom 8D, 8th floor |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE PLEASE TAKE NOTICE** that on **April 15, 2019 at 10:00 a.m.**, or as soon thereafter as this matter may be heard by the Honorable Christina A. Snyder of the above-entitled Court located at First Street Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012, Plaintiff

BARRY ROSEN, will and does hereby move this Court, pursuant to Federal Rules of Civil Procedure, Rule 12(c) (and/or 12(f)(1)) and 37(c), for an order granting judgment on the pleadings in favor of Plaintiff Barry Rosen and against Defendant Hollywood Show, LLC, to all claims for relief on the basis that Plaintiff is entitled to judgment as a matter of law, as well as for terminating sanctions for failure to provide required initial disclosures pursuant to Rule 26(a). Plaintiff's Motion is made on the following grounds:

Defendant Hollywood Show, LLC's answer (Dkt No. 24) fails to plead any facts or defenses from which a which a rational trier of fact could ever discern any plausible defense on its face, in a light most favorable to the nonmoving party.

Defendant Hollywood Show, LLC also has failed to provide Plaintiff with **any** initial disclosures pursuant to Rule 26(a) prior to the close of factual discovery on March 1, 2019 pursuant to the scheduling order (Dkt No. 30). As a result, pursuant to Rule 37(c)(1), this court may now impose sanctions for such failure to disclose. Plaintiff believes that appropriate sanctions are for termination, as Defendants will be precluded from producing any documents or bringing any witnesses at trial.

This motion is made following the telephonic conference of counsel pursuant to Local Rule 7-3, which took place on March 11, 2019 (Declaration of Barry Rosen ¶ 2).

This Motion is supported by the attached Memorandum of Points and Authorities filed herewith, the pleadings and court records on file, and all other evidence as may be presented to this Court at the hearing or otherwise.

Dated: March 18, 2019

Plaintiff Barry Rosen, In Propria Persona

## <u>Table of Contents</u>

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u> ...........................<u>7</u>

I.       <u>INTRODUCTION</u>.....................................................................<u>7</u>

II.      <u>ARGUMENT</u> .........................................................................<u>8</u>

     A. <u>Lack of discernable Facts and Affirmative Defenses</u>.................<u>11</u>

          1.     <u>First Affirmative Defense – Failure to State a Claim</u>........<u>11</u>

          2.     <u>Second Affirmative Defense – (essentially plead as Unclean
Hands)</u> .........................................................................<u>12</u>

          3.     <u>Third Affirmative Defense – Statute of Limitations</u>........<u>13</u>

     C. <u>Terminating Sanctions</u> .......................................................<u>14</u>

V.      <u>CONCLUSION</u> ....................................................................<u>14</u>

1

## **Table of Authorities**

2

*Cases*

3   *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program* (N.D. Cal. 2010) 718 F.Supp.2d 1167, 1172 _____ 10

4   *Barnes, 718 F. Supp. at 1172* _____ 11

5   *Barnes, 718 F. Supp. at 1174* _____ 12

6   *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)* _____ 11

7   *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)* _____ 14

8
    *CTF Development, Inc. v. Penta Hospitality, LLC* (N.D. Cal., Oct. 26, 2009, No. C 09-02429 WHA) 2009 WL
9       3517617, at *7 _____ 13

10  *Dairy Employees Union Local No. 17 Christian Labor Ass'n of the U.S. Pension Trust v. Ferreira Dairy* (C.D. Cal.,
        Apr. 28, 2015, No. 5:14-CV-01295-RSWL) 2015 WL 1952308 _____ 14
11
    *Dairy Employees Union Local No. 17 v. Dairy* (C.D. Cal., Feb. 6, 2015, No. 5:14-CV-01295-RSWL-M) 2015 WL
12      505934, at *6 _____ 13

13  *Fantasy, Inc. v. Fogerty,  984 F.2d 1524, 1527 (9th Cir. 1993)* _____ 9

14  *Fogerty v. Fantasy Inc., 510 U.S. 517 (1994))* _____ 10

15  *Gordon & Wong Law Group, P.C. 2012 WL 1029425 at *10* _____ 13

16  *Gordon & Wong, 2012 WL 1029425 at *11* _____ 10

17  *Hahn v. Best Recovery Servs., LLC, No. 10-12370, 2010 WL 4483375, *2 (E.D.Mich. Nov.1, 2010)* _____ 14

18  *Hoffman v. Construction Protective Services, Inc., 541 F.3d 1175 (9th Cir. 2008)* _____ 15

19  *In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994)* _____ 11

20  *Joe Hand Promotions, Inc. v. Davis* (N.D. Cal., Oct. 9, 2012, No. C 11-6166 CW) 2012 WL 4803923, at *2 _____ 11

21  *Kelly Moore Paint Company, Inc. v. National Union Fire Insurance Co. of Pittsburgh, PA* (N.D. Cal., May 21, 2014,
        No. 14-CV-01797-MEJ) 2014 WL 2119996 _____ 10
22
    *Malibu Media, LLC v. Popp* (E.D. Va., Apr. 13, 2015, No. 114CV00700GBLJFA) 2015 WL 10937405, at *3 ___ 12
23
    *McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996)* _____ 9
24
    *Melczer v. Unum Life Ins. Co. of Am., 259 F.R.D. 433, 437 (D. Ariz. July 16, 2009)* _____ 15
25
    *NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986)* _____ 11
26
    *Odyssey Imaging, LLC v. Cardiology Assocs. Of Johnston, LLC, 752 F. Supp. 2d 721, 727 (W.D. Va. 2010)* ____ 12
27

28

*Pepsico, Inc. v. J.K. Distributors, Inc.* (C.D. Cal., Sept. 14, 2007, No. 8:07CV00657 FMCCTX) 2007 WL 2852647, at \*2 .......................................................................................................... 11

*Perez v. Gordon & Wong Law Group, P.C.* (N.D. Cal., Mar. 26, 2012, No. 11-CV-03323-LHK) 2012 WL 1029425, at \*10 ........................................................................................................ 10

*Powertech Tech., Inc. v. Tessera, Inc.,* C 10-945 CW, 2012 U.S. Dist. LEXIS 68711, \*13 (N.D. Cal. May 16, 2012) ........................................................................................................ 11

*Qarbon.com Inc. at 1048-49.* ...................................................................................... 10

*Qarbon.com Inc. v. eHelp Corp.,* 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004) ..................... 10

*Savage v. Citibank N.A.* (N.D. Cal., May 12, 2015, No. 14-CV-03633-BLF) 2015 WL 2214229, at \*4 ......... 10

*Sidney-Vinstein v. A.H. Robins Co.* 697 F.2d 880, 885 (9th Cir. 1983) .............................. 9

*Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1062 (9th Cir. 2005) ......................... 15

*Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir. 1983) ............................... 15

*Wyle,* 709 F.2d at 589 ................................................................................................ 15

*Wyshak v. City Nat. Bank* 607 F.2d 824, 826 (9th Cir. 1979) ........................................... 10

### Statutes

17 U.S.C. §507(b) ..................................................................................................... 14

### Rules

12(b)(6) ........................................................................................................... 11, 13

12(f) ................................................................................................................ 11

12(f)(1) ............................................................................................................... 9

Fed. R. Civ. P. 12(c) ................................................................................................. 9

Fed. R. Civ. P. 12(f) ................................................................................................. 9

Fed. R. Civ. P. 37(b)(2)(A) ....................................................................................... 15

Federal Rule of Civil Procedure 37 ........................................................................... 15

Rule 12 ................................................................................................................ 8

Rule 12(c) ........................................................................................................... 11

Rule 26(a) ........................................................................................................ 9, 15

Rule 37(c)(1) .................................................................................................... 9, 15

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND
TERMINATING SANCTIONS

Rule 8(b) _____ 10

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case is a fairly straight-forward copyright infringement case in which Defendant HOLLYWOOD SHOW, LLC ("Defendant" or "Hollywood Show") copied, distributed, induced, profited from and/or otherwise materially contributed to the infringement of Plaintiff's copyrighted images via its operation of its Hollywood Show events venue that it holds 4 times per year.

Plaintiff BARRY ROSEN ("Plaintiff" or "Rosen") filed the Complaint in this matter on January 9, 2018 (Dkt. No. 1.), asserting causes of action for direct and secondary copyright infringement of one (1) of his copyrighted photographs. After an improper Rule 12 motion (entitled a Demurrer) made by Defendants, Plaintiff filed a First Amended Complaint in this matter on April 30, 2018 (Dkt. No. 21.)

As the court is already aware from Plaintiff's previous motion to strike, Defendant's quite audaciously filed an answer ("Answer") (Dkt. No. 23) while its corporate status was suspended by the Franchise Tax Board for more than 2 years prior to the filing of this Action (since **October 2015,** and which is still the case as of the filing of this motion (Declaration of Barry Rosen ¶ 3, Exhibits 1 & 2)**.**

Defendant Hollywood Show filed its Answer to the Complaint (Dkt. No. 23) asserting nothing but denials and three (3) affirmative defenses, one of which is not even an affirmative defense and all of which are completely unsupported by any factual allegations and consist solely of bare statements of legal doctrines and/or factually unsupported conclusions or are incorrectly/improperly asserted. None of the affirmative defenses are pled sufficiently to give Plaintiff fair notice.

Defendant Hollywood Show, LLC also has fully failed to provide Plaintiff with **any** initial disclosures (or any disclosures whatsoever) pursuant to Rule 26(a)

prior to the close of factual discovery on March 1, 2019 pursuant to the scheduling order (Dkt No. 30).

As alleged now, Plaintiff and the Court cannot discern the factual basis underlying these defenses. Plaintiff therefore moves, pursuant to Fed. R. Civ. P. 12(c) (and/or 12(f)(1)) for judgment on the pleadings. Because of the failure to provide Plaintiff with any disclosures pursuant to Rule 26(a), Plaintiff therefore also moves for terminating sanctions pursuant to Rule 37(c)(1), as Defendants will now be precluded from producing any documents or bringing any witnesses at trial.

## II.    ARGUMENT

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See *McGann v. Ernst & Young, 102 F.3d 390, 392* (9th Cir. 1996). Such a motion may be brought "after the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c).

Under Rule 12(f)(1) of the Federal Rules of Civil Procedure, the "Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…" *Sidney-Vinstein v. A.H. Robins Co.* 697 F.2d 880, 885 (9th Cir. 1983).

The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pled." *Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527* (9th Cir. 1993), rev'd (1994) 510 U.S. 517 [114 S.Ct. 1023, 127 L.Ed.2d 455] (overruled on other grounds in *Fogerty v. Fantasy Inc., 510 U.S. 517 (1994)*).

Rule 8(b), governs pleading standards for a complaint and pleading standards for affirmative defenses. *Qarbon.com Inc. v. eHelp Corp., 315 F.Supp.2d 1046, 1049* (N.D. Cal. 2004). The sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense. *Wyshak v. City Nat. Bank 607 F.2d 824, 826* (9th Cir. 1979); *Qarbon.com Inc. at 1048-49.* "The decision to strike a portion of a party's pleading is within the sound discretion of the court. *Savage v. Citibank N.A.* (N.D. Cal., May 12, 2015, No. 14-CV-03633-BLF) 2015 WL 2214229, at *4.

While the Rule 8 "pleading standard does not require extensive, detailed factual allegations, bare statements reciting mere legal conclusions are insufficient." *Perez v. Gordon & Wong Law Group, P.C.* (N.D. Cal., Mar. 26, 2012, No. 11-CV-03323-LHK) 2012 WL 1029425, at *10. Defendant must at least present Plaintiff with "some identifiable fact that if applicable to [Plaintiff] would make the affirmative defense plausible on its face." Id. (quoting *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program* (N.D. Cal. 2010) 718 F.Supp.2d 1167, 1172 (alteration in original))).

The Twombly-Iqbal pleading standard should apply to affirmative defenses. *Gordon & Wong*, 2012 WL 1029425 at *11 ("The defendant bears the burden of proof on an affirmative defense, in the same way that the plaintiff bears the burden of proof on a claim for relief."); see also *Kelly Moore Paint Company, Inc. v. National Union Fire Insurance Co. of Pittsburgh, PA* (N.D. Cal., May 21, 2014, No. 14-CV-01797-MEJ) 2014 WL 2119996 ("The court is persuaded by the reasoning of the many other courts that have applied the heightened pleading standard to affirmative defenses."); *Joe Hand Promotions, Inc. v. Davis* (N.D. Cal., Oct. 9, 2012, No. C 11-6166 CW) 2012 WL 4803923, at *2 ("Like other judges in this district who have considered the question of what pleading standard applies to

affirmative defenses, this Court has recently held that 'the heightened pleading standard set forth in Twombly and Iqbal also applies to affirmative defenses.'" quoting *Powertech Tech., Inc. v. Tessera, Inc.,* C 10-945 CW, 2012 U.S. Dist. LEXIS 68711, *13 (N.D. Cal. May 16, 2012); *Barnes, 718 F. Supp. at 1172* ("Rule 8's requirements with respect to pleading defenses in an answer parallels the Rule's requirements for pleading claims in a complaint.").

Under any standard, an affirmative defense may not simply state a legal conclusion, it must be supported by facts explaining how the defense connects to the instant case. *Pepsico, Inc. v. J.K. Distributors, Inc.* (C.D. Cal., Sept. 14, 2007, No. 8:07CV00657 FMCCTX) 2007 WL 2852647, at *2. Without supporting facts, such an unsupported defense will not withstand a motion to strike. Id.

Accordingly, while the answer "does not need detailed factual allegations, a Defendants' obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555* (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. The true "affirmative defenses" asserted by Defendants do not meet either standard.

In considering a Rule 12(c) motion, as with a 12(b)(6) or 12(f) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. *NL Indus. v. Kaplan, 792 F.2d 896, 898* (9th Cir. 1986); *In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921* (C.D. Cal. 1994). Ultimately, "[d]etermining whether a answer states a plausible claim for affirmative defense will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

## A. Lack of discernable Facts and Affirmative Defenses

As discussed above, Defendant Hollywood Show filed its Answer to the Complaint (Dkt. No. 23) asserting nothing but denials and three (3) affirmative defenses, one of which is not even an affirmative defense and all of which are completely unsupported by any factual allegations and consist solely of bare statements of legal doctrines and/or factually unsupported conclusions or are incorrectly/improperly asserted. None of the affirmative defenses are pled sufficiently to give Plaintiff fair notice or are otherwise improper or invalid. Without any facts or defenses, the court should find that Plaintiff is entitled to judgment as a matter of law.

### 1.    First Affirmative Defense – Failure to State a Claim.

Defendant's first affirmative defense alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Failure to state a claim upon which relief can be granted, however, is not an affirmative defense, but would be a defect in Plaintiff's prima facie case. "The Court concludes that failure to state a claim is not an acceptable affirmative defense because it has not been recognized as an affirmative defense. *Odyssey Imaging, LLC v. Cardiology Assocs. Of Johnston, LLC, 752 F. Supp. 2d 721, 727* (W.D. Va. 2010) (stating that failure to state a claim is not an affirmative defense at all); *Cheney v. Vitro Am., Inc.,* 2010 WL 512581, *1 (W.D. Va. 2010) (stating that failure to state a claim is not an affirmative defense, but rather a basis upon which to file a motion to dismiss)." (*Malibu Media, LLC v. Popp* (E.D. Va., Apr. 13, 2015, No. 114CV00700GBLJFA) 2015 WL 10937405, at *3; *Barnes, 718 F. Supp. at 1174.* "Failure to state a claim" is not properly asserted as an affirmative defense. Id. It would be

appropriately brought as a Rule 12(b)(6) motion and not as an affirmative
defense asserted in an answer. Id.

Even if it is permissible to assert the failure to state a claim in an
answer, Plaintiff contends that Defendant did not properly assert it in this
case because Defendant did not allege any facts in support of this defense.

### 2.    Second Affirmative Defense – (essentially plead as Unclean Hands).

Defendant's Second affirmative defense alleges "Any and all events
and happenings, injuries, losses and expenditures referred to in the first
amended complaint or directly and proximately caused and contributed to it,
in whole or in part, by the carelessness and negligence of plaintiff, and
therefore the extent of loss, damage or expenditures sustained by plaintiff, if
any, should be reduced in proportion to the amount of negligence or fault
attributed to plaintiff." (essentially an Unclean Hands defense) "Simply
stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to
notify the plaintiff what behavior has allegedly given them 'unclean hands.'"
*CTF Development, Inc. v. Penta Hospitality, LLC* (N.D. Cal., Oct. 26, 2009,
No. C 09-02429 WHA) 2009 WL 3517617, at *7.

Here, Defendant identifies no conduct by Plaintiff that would provide
a basis for such an unclean hands defense. Plaintiff is deprived of fair notice
when he cannot ascertain any grounds for which Defendant claims a defense.
*Gordon & Wong Law Group, P.C.* 2012 WL 1029425 at *10 . See e.g. *Dairy
Employees Union Local No. 17 v. Dairy* (C.D. Cal., Feb. 6, 2015, No. 5:14-
CV-01295-RSWL-M) 2015 WL 505934, at *6, reconsideration denied sub
nom. *Dairy Employees Union Local No. 17 Christian Labor Ass'n of the U.S.
Pension Trust v. Ferreira Dairy* (C.D. Cal., Apr. 28, 2015, No. 5:14-CV-

01295-RSWL) 2015 WL 1952308 (Defendant's affirmative defense of unclean hands alleged only that the defense was "based upon their [Plaintiffs'] own fault or misconduct," (alteration in original) which was determined to fall well short of providing plaintiff with sufficient notice of the defense.)

Here, even if this defense were a valid defense to a copyright infringement action, Plaintiff contends that Defendant allegations are even less "factual" that those asserted by the defendant in Dairy. Because this defense is insufficiently pled, a rational trier of fact could ever discern any plausible defense on its face, in a light most favorable to the nonmoving party. See also *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929* (2007). A defense is insufficient "if as a matter of law, the defense cannot succeed under any circumstances." *Hahn v. Best Recovery Servs., LLC*, No. 10-12370, 2010 WL 4483375, *2 (E.D.Mich. Nov.1, 2010).

### 3.   Third Affirmative Defense – Statute of Limitations.

Defendant's Second affirmative defense alleges "Plaintiff's causes of action against defendant are barred by the three year statute of limitations imposed by 17 U.S.C. §507(b) in that they were not brought in a timely fashion."

Defendants third defense completely fails because it is an improper statute of limitations defense pursuant to by 17 U.S.C. §507(b), as the statutory period is three (3) years. As the wrongful infringing act(s) at issue occurred in 2016 as is clearly pled in the First Amended Complaint (Dkt No. 21) and because this action was clearly brought in 2018, well within the 3-

year statutory period, Defendants cannot demonstrate a statute of limitations affirmative defense.

**B. Terminating Sanctions**

Under Federal Rule of Civil Procedure 37, district courts have the discretion to impose a broad range of sanctions when a party has failed to comply with the rules of discovery or with court orders enforcing those rules. Fed. R. Civ. P. 37(b)(2)(A); *Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589* (9th Cir. 1983). The court may order that the action be dismissed "where the failure to comply is due to willfulness, bad faith, or fault of the party." *Wyle, 709 F.2d at 589.*

Here, Defendant Hollywood Show, LLC has failed to provide Plaintiff with **any** initial disclosures whatsoever pursuant to Rule 26(a) prior to the close of factual discovery on March 1, 2019 pursuant to the scheduling order (Dkt No. 30) (Declaration of Barry Rosen ¶ 4). As a result, pursuant to Rule 37(c)(1), this court may now impose sanctions for such failure to disclose. Plaintiff believes that appropriate sanctions are for termination as Defendants will be precluded from producing any documents or bringing any witnesses at trial. See, *e.g., Melczer v. Unum Life Ins. Co. of Am., 259 F.R.D. 433, 437* (D. Ariz. July 16, 2009) (noting that reopening discovery would result in increased expense and delay and that party "was entitled to assume that Rule 37(c)(1) means what it says and that the untimely disclosed documents would be excluded from evidence at trial"); See also *Hoffman v. Construction Protective Services, Inc., 541 F.3d 1175* (9th Cir. 2008); *Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1062* (9th Cir. 2005).

## V.    CONCLUSION

For the foregoing reasons, Plaintiff now requests that the Court grant judgment on the pleadings in favor of Plaintiff Barry Rosen and against Defendant Hollywood Show, LLC, to all claims for relief on the basis that Plaintiff is entitled

to judgment as a matter of law, as well as for terminating sanctions for failure to provide required initial disclosures pursuant to Rule 26(a).

Respectfully submitted,

Dated: March 18, 2019

Plaintiff Barry Rosen, In Propria Persona

# PROOF OF SERVICE

**Case No. 18-cv-00215-CAS-E**

On March 18, 2019, I served the documents described as:

1.   PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) AND FOR TERMINATING SANCTIONS PURSUANT TO RULE 37

2.   DECLARATION OF BARRY ROSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) AND FOR TERMINATING SANCTIONS PURSUANT TO RULE 37

3.   (Proposed) ORDER GRANTING PLAINTIFFS' MOTION MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) AND FOR TERMINATING SANCTIONS PURSUANT TO RULE 37

by serving them on Defendants Attorney of records office pursuant to FRCP 5(b)(1) as follows:

Eric A. Schneider
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2019 at Los Angeles, California.


By: _Zach Bilsky_

_Zach Bilsky_
Printed Name

PROOF OF SERVICE

1