UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS (Ex) | Date | June 3, 2019 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Barry Rosen, Pro Se | Eric Schneider |

**Proceedings:**

    PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR TERMINATING SANCTIONS PURSUANT TO RULE 37 (Dkt. 64, filed March 18, 2019)

    PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER (1) TO SHOW CAUSE (2) TO EXTEND SETTLEMENT COMPLETION (3) MODIFYING CASE SCHEDULING AND (4) PLAINTIFF'S RENEWED MOTION TO STRIKE DEFENDANT HOLLYWOOD SHOW LLC'S ANSWER (Dkt. 86, filed May 23, 2019)

## I. INTRODUCTION AND BACKGROUND

On January 9, 2018, plaintiff Barry Rosen filed the instant action against defendants Hollywood Show, LLC ("Hollywood Show"), Myron Ross d/b/a/ "Heroes & Legends," and Does 1 through 10. Dkt. 1. Plaintiff asserts claims for copyright infringement and contributory copyright infringement. Id. Plaintiff contends that he is the photographer and owner of a copyrighted photograph of actress Gena Lee Nolin, and asserts that defendants unlawfully reproduced and distributed an identical or substantially similar copy of his photograph. See id. On April 4, 2018, the Court dismissed plaintiff's complaint pursuant to Federal Rule of Civil Procedure 8(a) for failure to allege when and where the alleged infringement took place. Dkt. 18. Plaintiff filed an amended complaint on April 30, 2018. Dkt. 21. Hollywood Show filed an answer on May 4, 2018. Dkt. 24. The Clerk of Court entered default against Myron Ross on July 18, 2018. Dkt. 34. On January 17, 2019, the Court granted Doniger Burroughs APC's motion to withdraw as attorney of record for Barry Rosen. Dkt. 39.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS (Ex) | Date | June 3, 2019 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

On March 18, 2019, plaintiff, acting pro se, filed a motion for judgment on the pleadings and for terminating sanctions. Dkt. 64 ("Mot."). Hollywood Show filed an opposition on March 25, 2019. Dkt. 68 ("Opp'n"). Plaintiff filed a reply on April 1, 2019, dkt. 73 ("Reply"), along with a request for judicial notice of a copyright registration certificate and the image that is the subject of that certificate, dkt. 75.[1]

On March 24, 2019, plaintiff filed an ex parte application seeking the following: (1) an order to show cause regarding Hollywood Show's alleged failure to provide plaintiff with proof of insurance coverage; (2) an order extending the settlement completion deadline to July 1, 2019; (3) an order modifying the scheduling order to vacate the pre-trial conference set for July 9, 2019, as well as the trial date of July 30, 2019; and (4) an order striking Hollywood Show's answer for its alleged failure to submit its certificate of revivor to the Court by April 22, 2019. Dkt. 86 ("Ex Parte"). Hollywood Show filed an opposition on May 24, 2019. Dkt. 88 ("Ex Parte Opp'n"). Without seeking leave of court, plaintiff filed a reply on May 28, 2019. Dkt. 90 ("Ex Parte Reply").

The Court held a hearing on June 3, 2019. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

### A. Motion for Judgment on the Pleadings

Plaintiff seeks judgment on the pleadings on the grounds that Hollywood Show's answer to his complaint "asserts nothing but denials and three (3) affirmative defenses . . . and all of which are completely unsupported by any factual allegations and consist solely of bare statements of legal doctrines and/or factually unsupported conclusions or are incorrectly/improperly asserted." Mot. 11.

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). A plaintiff is not entitled to judgment

---

[1] Although plaintiff's copyright registration is amenable to judicial notice, the Court need not take judicial notice of these documents to resolve the issues in this motion. Accordingly, the Court **DENIES** as moot plaintiff's request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS (Ex) | Date | June 3, 2019 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

on the pleadings if the answer raises issues of fact by disputing allegations essential to the plaintiff's claim or raises an affirmative defense which, if proved, would defeat plaintiff's recovery. See Qwest Communications Corp. v. City of Berkeley, 208 F.R.D. 288 (N.D. Cal. 2002) (quoting William W. Schwarzer et al., Federal Civil Procedure Before Trial, § 9:319).

Plaintiff argues that he is entitled to judgment as a matter of law because Hollywood Show did not support its denials with facts. This argument fails because a defendant does not bear the burden of disproving plaintiff's case at the pleading stage. Rather, "[t]he purpose of a responsive pleading is to put everyone on notice of what the defendant admits and what [he] intends to contest." Edelman v. Belco Title & Escrow, LLC, 754 F.3d 389, 395 (7th Cir. 2014). Plaintiff also contends that the Court must accept every allegation he has made as true and disregard Hollywood Show's denials. This contention is based on an erroneous understanding of the law. Rather, "[f]or the purposes of the motion [for judgment on the pleadings], the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990). Plaintiff's motion for judgment on the pleadings fails because Hollywood Show denied several material allegations in its answer and those denials must be accepted as true. Thus, it cannot be said that only questions of law remain.

Plaintiff also argues that Hollywood Show's affirmative defenses are insufficiently pled. Mot. at 10. The Court need not reach this issue because it finds that, even if it were to strike each of Hollywood Show's affirmative defenses under Federal Rule of Civil Procedure 12(f), plaintiff would still not be entitled to judgment as a matter of law because Hollywood Show has denied several material allegations made by plaintiff in his complaint.

Accordingly, the Court **DENIES** plaintiff's motion for judgment on the pleadings.

### B. Motion for Terminating Sanctions

Plaintiff also moves for terminating sanctions under Federal Rule of Civil Procedure 26(a) because Hollywood Show did not provide him with initial disclosures prior to the close of discovery on March 1, 2019. Mot. at 14. Hollywood Show contends that it did not provide plaintiff with initial disclosures because a Rule 26(f) conference—which determines the deadline for making initial disclosures—was never held, but that it nonetheless provided plaintiff with initial disclosures on March 19, 2019. Dkt. 69,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:18-cv-00215-CAS (Ex) | Date | June 3, 2019 |
|---|---|---|---|
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

Declaration of Eric A. Schneider, at ¶ 17. Hollywood Show also argues that plaintiff has not experienced any prejudice because it disclosed all its known witnesses in a Rule 26(f) report filed on June 1, 2018, and because the only two documents Hollywood Show disclosed were referenced in the first amended complaint, Opp'n at 4. Defendant also asserts that, to the extent initial disclosures were due in June 2018 after the Rule 26(f) report was filed, plaintiff was also untimely because he did not deliver his initial disclosures until January 31, 2019. Id.

The Court finds that sanctions are not warranted. To the extent Hollywood Show's initial disclosures were untimely, any delay was harmless because the initial disclosures did not contain any information that was previously unknown to plaintiff. Accordingly, the Court **DENIES** plaintiff's motion for terminating sanctions.

    **C.**    **Ex Parte Application**

        **i.**    **Insurance Coverage**

Plaintiff seeks an order to show cause by this Court requiring Hollywood Show to produce evidence demonstrating that it was covered by insurance at the time it allegedly infringed plaintiff's copyright, and in the absence of that evidence, the plaintiff seeks to preclude Hollywood Show's insurance company from providing Hollywood Show with "continued intervention and financial support." Ex Parte at 10–11. The status of Hollywood Show's insurance coverage, as well as the source of funds for Hollywood Show's defense, are well outside of the purview of the Court. Accordingly, the Court declines to issue the order to show cause requested by plaintiff.

        **ii.**    **Modifying the Scheduling Order**

It appears that the parties are unable to reschedule their mediation until the week of June 17, 2019. In light of this scheduling issue, the Court hereby extends the time to complete mediation to July 1, 2019. The pretrial conference/motions in limine hearing date is continued to August 5, 2019, at 11:00 A.M., and the trial date is continued to August 13, 2019, at 9:30 A.M.

        **iii.**    **Motion to Strike**

Plaintiff seeks to renew its motion to strike Hollywood Show's answer, claiming that Hollywood Show remains suspended by the State of California for failure to pay its taxes. Hollywood Show has provided evidence demonstrating that it is in "active" status

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS (Ex) | Date | June 3, 2019 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

with the State of California and is in good standing with the Franchise Tax Board.² Dkt. 77 at 7 (a copy of the Business Search-Entity detail page from the California Secretary of State website indicating that Hollywood Show is in "active status"); Dkt. 89 at 18 (entity status letter indicating that Hollywood Show is in good standing with the Franchise Tax Board). Although the Court previously instructed Hollywood Show to obtain a certificate of revivor to demonstrate its compliance with the revival statute, see dkt. 63, the Court is nonetheless satisfied that Hollywood Show is no longer suspended and that it may appear to defend this action.

## III. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for judgment on the pleadings.

The Court **DENIES** plaintiff's motion for terminating sanctions.

The Court **GRANTS** in part and **DENIES** in part plaintiff's ex parte application to modify the scheduling order.

The Court **DENIES** plaintiff's ex parte application for an order to show cause regarding Hollywood Show's insurance coverage.

The Court **DENIES** plaintiff's ex parte application to renew his motion to strike Hollywood Show's answer.

IT IS SO ORDERED.

| | 00 | : | 14 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

² Hollywood Show explains that it was required to change its name to "The New Hollywood Show, LLC" because plaintiff registered Hollywood Show's name while it was in suspended status. Opp'n at 5. Considering that Hollywood Show's Secretary of State Entity Number (#200901010105) has remained the same throughout its suspension and reinstatement, the Court finds that Hollywood Show's change in name has no bearing on whether it may appear to defend this action.