UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:18-cv-00215-CAS-Ex | Date | October 3, 2019 |
|---|---|---|---|
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                       Not Present

**Proceedings:**    (IN CHAMBERS) - PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MYRON ROSS DBA HEROES AND LEGENDS (Dkt.[ 99 ], filed September 9, 2019)

## I.    INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of October 7, 2019 is **VACATED**.

On January 9, 2018, plaintiff Barry Rosen filed the instant action against defendants Hollywood Show, LLC ("Hollywood"), Myron Ross d/b/a "Heroes & Legends" ("Ross"), and Does 1 through 10 (collectively, "defendants"). Dkt. 1. Plaintiff filed the operative First Amended Complaint on April 30, 2018.[1] Dkt. 21 ("FAC"). The FAC alleges that plaintiff is the photographer and owner of a copyrighted photograph of actress Gena Lee Nolin and that defendants unlawfully reproduced and distributed an identical or substantially similar copy of the photograph. See generally FAC. Accordingly, the FAC asserts claims against defendants for: (1) copyright infringement; and (2) vicarious and/or contributory copyright infringement. Id. Pursuant to a joint stipulation between plaintiff and Hollywood, the Court dismissed plaintiff's claims against Hollywood on July 25, 2019.

The Clerk entered default against Ross on July 18, 2018, pursuant to Federal Rule of Civil Procedure 55(a). Dkt. 33, 34. Plaintiff subsequently moved for default

---

[1]    Pursuant to an agreement between plaintiff and his counsel, the Court allowed plaintiff's counsel to withdraw on January 17, 2019. Dkt. 39. Plaintiff thereafter elected to proceed *pro se*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS-Ex | Date | October 3, 2019 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

judgment against Ross on September 9, 2019, also submitting a declaration in support of his motion. Dkt. 99 ("Mot."); Dkt. 100 ("Rosen Decl.").

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and plaintiff does not seek a sum certain, plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55. Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005). The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55–1 and 55–2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Where a movant is seeking unliquidated damages, Local 55–2 requires that "[n]otice be given to the defaulting party of the amount requested." C.D. Cal. L.R. 55–2. "Unliquidated damages" are "damages that cannot be determined by a fixed formula." First Home Bank v. Hershey Interests, Inc., No. 2:18-cv-01584-ODW-AS, 2018 WL 3460148, at *2 (C.D. Cal. July 16, 2018) (citing Unliquidated Damages, Black's Law Dictionary (10th ed. 2014)). In contrast, "liquidated damages" are damages in "[a]n amount contractually stipulated as a reasonable estimation of actual damages to be recovered by one if the other party breaches." Liquidated Damages, Black's Law Dictionary (11th ed. 2019).

## III. DISCUSSION

Plaintiff contends that "Ross willfully infringed Rosen's copyrights and profited from that infringement." Mot. at 6. Accordingly, plaintiff requests

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00215-CAS-Ex | Date | October 3, 2019 |
| Title | BARRY ROSEN v. HOLLYWOOD SHOW, LLC ET AL. | | |

injunctive relief and $150,000 in damages, which he asserts is "an amount equal to the maximum statutory amount allowed pursuant to 17 U.S. Code [sic] § 504(c)." Id. Plaintiff seeks unliquidated damages, the award of which requires plaintiff to have already provided Ross with notice of the amount sought in connection with plaintiff's motion. See Tacori Enterprises v. Beverlly Jewellery Co., No. 2:06-cv-05170-GAF-RC, 2009 WL 10669482, at *2, *9 (C.D. Cal. Feb. 10, 2009) (holding that "Local Rule 55-2 requires a plaintiff to give notice to the defaulting party of the amount of unliquidated damages requested" and that the movant had done so where movant sought statutory damages for copyright infringement).

Here, plaintiff indicates that, "[w]ithout waiving attorney client privilege, from conversations with previous council [sic] who withdrew form [sic] this action, I am aware facts or circumstances that Ross chose not to participate in this litigation after he was served with the First Amended Complaint." Rosen Decl. ¶ 10. This assertion is insufficient to establish, at this juncture, that plaintiff has provided Ross with either notice of the application for default judgment *or* the amount being sought. Accordingly, plaintiff fails to satisfy the procedural requirements for entry of default judgment. See Halicki v. Monfort, No. 2:08-cv-00351P-SG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) ("Because Plaintiffs' Application seeks $257,590 . . . in unliquidated damages against [defendants], and because Plaintiffs do not appear to have served notice of the amount requested in their Application on [defendants], Plaintiffs' Application must be denied for failing to comply with the express provisions of the Court's Local Rules.").

## IV.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for default judgment **WITHOUT PREJUDICE**. Plaintiff shall have **thirty (30) days** to file a renewed motion for default judgment.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |