BARRY ROSEN
136 S. Clark Dr. #5
Los Angeles, CA 90048
Tel: (323) 653-2043
In Pro Per

FILED
CLERK, U.S. DISTRICT COURT

JAN - 7 2020

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>HOLLYWOOD SHOW, LLC, a California limited liability company; MYRON ROSS, an individual residing in California, individually and doing business as "HEROES & LEGENDS"; and DOES 1 through 10,<br>Defendants. | Case No. 18-cv-00215-CAS-Ex<br>*Hon. Christina A. Snyder Presiding*<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF RE: APPLICATION FOR DEFAULT JUDGEMENT ON MYRON ROSS dba HEROES AND LEGENDS**<br><br>[Filed concurrently herewith: Declaration of Barry Rosen<br><br>Date: NA<br>Time: NA<br>Courtroom 8D, 8th floor |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to the Courts December 16, 2019 order (Dkt. 105), Plaintiff Barry Rosen, acting pro per, submits this supplemental brief and response to the statement by Myron Ross (Dkt. 106).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.   DAMAGE AWARD PRECEDENT

Plaintiff offers up the following cases that have involved various judgments, along with other licensing information to demonstrate justification for a higher financial damage award:

1.   In 2:07-cv-03515-ABC-E, Plaintiff received judgment of $15,000.00 for a one (1) image infringement (non-willful) (Dkt. 146) and $400,000.00 for a three (3) image infringement (willful) (Dkt. 147).

2.   In 2:10-cv-02721-DMG-E, Plaintiff received judgment of $45,000 for a multiple image infringement (Dkt. 133).

3.   In 2:11-cv-04465-RSWL-AJW, Plaintiff received judgment of $600,000.00 for a four (4) image infringement (willful) (Dkt. 17).

4.   In 2:12-cv-00657-FFM, Plaintiff received a jury judgment of up to $3,000.00 per infringement for willful infringement

5.   In 2:15-cv-05789-ODW-JC, Plaintiff received a judgment of $15,000.00 for one (1) infringement (Dkt. 70).

6.   Attached hereto as Exhibit 1, Plaintiff also submits various invoices showing actual licensing fees for similar images of $6,000.00 to $10,000.00 for a limited term single usage.

As Defendant Ross has directly and fully admitted to court that he did engaged in both direct and vicarious infringement of Plaintiff's photographic work at issue in this action, and because it is clear that such infringement was done with both willful blindness and a clear reckless disregard for copyright law, Plaintiff believes that an award of $150,000.00 is warranted and justified. (See **Columbia**

**Pictures Industries, Inc. v. Fung**; 710 F.3d 1020 (9th Cir. 2013), **Grokster**, 545 U.S. 913 (2015))

## II. RE: ROSS STATEMENT

While the Court gave Mr. Ross leave to file a statement in order to demonstrate why the Court should now set aside the pending default judgment, Mr. Ross has failed to demonstrate any facts whatsoever as to a any reason why he fully failed to appear in this Action, after having being served with the subpoena, complaint, etc. and also having acknowledged that fact to Plaintiff's former counsel. Instead, Mr. Ross uses the statement opportunity in an attempt to mitigate his own recklessness in engaging in ongoing infringing activities by attempting to place the blame on other parties. While other parties such as Hollywood Show/David Elkouby are initially responsible (and liable) for creating the unauthorized infringing prints, Mr. Ross has an affirmative obligation under the law (17 U.S.C §109, et el) to ensure that items he purchases for potential resale as part of his "autograph dealer" business, are lawfully made (i.e. authorized) copies, prior to purchase of such copies. Without fulfilling his legal obligations, the purchase, possession, display and resale (and profiting therefrom) of such unauthorized prints constitutes direct and vicarious infringement. Mr. Ross' letters to Plaintiff's previous counsel, along with statements made directly to the Court, and his statement, clearly demonstrate that Mr. Ross engaged in infringing acts, including direct infringement and vicarious infringement (by selling at least 2 unauthorized prints, including the one sold directly to Plaintiff).

Mr. Ross' statement also clearly demonstrates his own ongoing recklessness in his business practices. While Ross has been doing business for a very long time as a so called "autograph dealer," it is disturbingly clear that he has never bothered

to determine any of his legal obligations under copyright law for operating such a business, that is heavily based on the sale/resale photographic prints. If Mr. Ross were to have done so, he would be aware of the fact that under the 1978 copyright laws, all photographs created in the United States are vested with copyright from their creation by their author (17 U.S.C §101, et seq) and that formalities (i.e. notice of copyright ownership) was dropped as a requirement nearly three (3) decades ago. Furthermore, had he done his due diligence, he would be aware that his own actions (including buying, selling and displaying unauthorized photo prints), constitutes both direct and vicarious copyright infringement. Recklessness can constitute willful infringement, and can be established by an infringer's knowing reliance on obviously insufficient oversight mechanisms. **(See Unicolors, Inc. v. Urban Outfitters, Inc.,** 853 F.3d 980, 992 (9th Cir. 2017)**; Friedman v. Live Nation Merch., Inc.,** 833 F.3d 1180, 1186–87 (9th Cir. 2016))**.**

Finally, as a demonstration of the fact that Mr. Ross' business is predominantly and heavily based on the sale/resale of photographic prints, attached hereto as Exhibit 2 and 3 are copies of photos taken by Plaintiff at a Hollywood Show event, showing the Heroes and Legends booth/tables and the sheer volume of prints that Mr. Ross offers for sale. Given that volume, it is fortuitous that Plaintiff even located the infringing print in the first instance, thereby also demonstrating why the Court should restrain Mr. Ross from engaging in further business activities, in order to prevent any further infringements. Thus, the Court should now grant the default judgment.

//////

Respectfully submitted,

Dated: January 6, 2020

_____

Plaintiff Barry Rosen, In Propria Persona

# PROOF OF SERVICE

**Case No. 18-cv-00215-CAS-Ex**

On January 6, 2020, I served the documents described as:

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE: APPLICATION FOR DEFAULT JUDGEMENT ON MYRON ROSS dba HEROES AND LEGENDS**

by serving them on Myron Ross by mail pursuant to FRCP 5

at his home address of

5333 Zelzah Ave, Apt 303,

Van Nuys, CA 91316.


     I declare under penalty of perjury that the foregoing is true and correct. Executed on January 6, 2020 at Los Angeles, California.

By: _____

Barry Rosen

# Exhibit 1



## Invoice

14/8/03



RE: Anna Kournikova

1 time usage for a ▮▮▮▮▮ cover only       $ 10,000.00 USD

**Total**       **$ 10,000.00 USD**

**Payment Wire Information**







## Invoice

21/7/04



RE: Anna Kournikova

Anna Kournikova 1 time editorial usage for ███████ Cover          $8000.00 USD

**Total**                                              **$ 8000.00 USD**

**Payment Wire Information**





9



## Invoice

22/9/03



RE: Daisy Fuentes

Daisy Fuentes 1 time editorial usage  for Cover          $6000.00 USD

**Total**                                                   **$ 6000.00 USD**

**Payment Wire Information**



# Exhibit 2



# Exhibit 3



14